IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMANDA JONES and BROOKS JONES, | ) CASE NO. 1:23-CV-00394-JRS-MKK )  ) |
| Plaintiffs, | ) JUDGE JAMES R SWEENEY II ) |
| vs. | ) MAGISTRATE JUDGE M. KENDRA ) KLUMP |
| MAC'S CONVENIENCE STORES, LLC, d/b/a CIRCLE K STORES | ) ) ) |
| Defendant. | ) ) |

## DEFENDANT MAC'S CONVENIENCE STORES, LLC'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COMES the Defendant, Mac's Convenience Stores, LLC ("Mac's"), by and through its attorneys, Michelle L. Casper and Brett J. Geschke of Ulmer & Berne LLP, and for its Amended Answer to Plaintiffs' First Amended Complaint, states as follows:

1. Plaintiffs Amanda Jones and Brooks M. Jones are and were at all times relevant, husband and wife, and are residents of West Elwood, Madison County, State of Indiana.

> **ANSWER:** Upon information and belief, Defendant admits the allegations of Paragraph 1 of Plaintiffs' First Amended Complaint for Damages.

2. Defendant Macs Convenience Stores LLC is a foreign limited liability Company domiciled in Columbus, Indiana doing business in Indiana.

> **ANSWER:** Defendant admits that it is a foreign limited liability company doing business in Indiana. Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint for Damages.

3. Defendant Macs Convenience Stores LLC ("Circle K") is doing business as Circle K Stores at 1821 E. 151st St, Carmel, Hamilton County Indiana.

1

>    **ANSWER:   Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint for Damages.**

4. This is a civil cause of action for damages arising from an occurrence in Carmel, Hamilton County, Indiana.

>    **ANSWER:   Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint for Damages.**

5. On or about February 11, 2021, Plaintiff Amanda Jones was an invitee on the premises commonly known as Circle K Stores generally located at 1821 E. 151st St, Carmel, Hamilton County, Indiana, 46033.

>    **ANSWER:   Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint for Damages.**

6. While Plaintiff Amanda Jones was an invitee at Circle K, she was caused to slip and fall, resulting in personal injuries and other damages.

>    **ANSWER:   Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint for Damages.**

7. On or about February 11, 2021, Defendant owned, managed, maintained, and/or were in control of real property commonly known as Circle K generally located at 1821 E 151st St, Carmel, IN 46033.

>    **ANSWER:   Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint for Damages.**

8. The proximate cause of the slip and fall of Plaintiff was the negligence of Defendant, their agents and/or employees, including but not limited to:

    A. Failure to maintain its premises in a reasonably safe condition for its invitees;

    B. Failure to warn invitees of a dangerous condition of which it knew, or reasonably should have known, was present on its premises; and

  C. Failure to create and/or adhere to policies and procedures to keep the premises in a reasonably safe condition.

  **ANSWER: Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint for Damages, including subparts (A) through (C).**

9. As the proximate result of the negligence of Defendant, Plaintiff Amanda Jones suffered personal injuries, was caused to incur medical expenses and lost wages in an amount to be proven at trial, and to endure great pain and suffering, which damages shall continue into the future.

  **ANSWER: Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint for Damages.**

WHEREFORE, Defendant, Mac's Convenience Stores, LLC, prays that Plaintiff Amanda Jones takes nothing by way of her First Amended Complaint, and Defendant seeks costs for defending this action, including attorneys' fees, and for all other just and proper relief.

10. Plaintiffs reallege and incorporate rhetorical paragraphs 1 through 9 of this Complaint as if fully set forth herein.

  **ANSWER: Defendant hereby incorporates and references its Answers to Paragraphs 1 through 9 as if fully stated herein.**

11. As a direct and proximate result of the negligence of Defendant, plaintiff Brooks M. Jones suffered the loss of the society, services and companionship of his wife, which damages shall continue into the future.

  **ANSWER: Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint for Damages.**

WHEREFORE, Defendant, Mac's Convenience Stores, LLC, prays that Plaintiff Brooks M. Jones takes nothing by way of his First Amended Complaint, and Defendant seeks costs for defending this action, including attorneys' fees, and for all other just and proper relief.

## AMENDED AFFIRMATIVE DEFENSES

Defendant, Mac's Convenience Stores, LLC ("Mac's"), by and through its attorneys, Michelle L. Casper and Brett J. Geschke of Ulmer & Berne LLP, and for its Affirmative Defenses to Plaintiffs' First Amended Complaint, states as follows:

1. The First Amended Complaint fails to state a cause of action, cognizable in equity or law, against Defendant and must therefore be dismissed.

2. Plaintiffs' First Amended Complaint should be dismissed for insufficient process on Defendant.

3. Plaintiffs' First Amended Complaint should be dismissed for insufficient service of process on Defendant.

4. Plaintiffs' claims are barred because Defendant did not owe Plaintiffs a duty.

5. Plaintiffs' claims are barred because Defendant did not willfully or wantonly injure Plaintiff Amanda Jones or act in a manner to increase her peril.

6. Plaintiffs' claims are barred because there were no latent dangers on the premises of which Mac's had knowledge before the subject incident.

7. Plaintiffs' claims are barred in that any purported conduct was in good faith and any purported error was unintentional.

8. Any injuries and/or damages sustained by the Plaintiffs, as alleged in the First Amended Complaint, were caused in whole or in part by Plaintiff Amanda Jones' contributory negligence, comparative negligence, and/or culpable conduct and not as a result of any negligence and/or culpable conduct on the part of Defendant.

9. Before and at the time of the occurrence alleged in Plaintiffs' First Amended Complaint for Damages, Plaintiff Amanda Jones was under a duty to exercise ordinary care for her own safety and that if Plaintiff Amanda Jones was injured and sustained damages as alleged in the

First Amended Complaint, then the injuries and damages were sustained as a direct and proximate result of his breach of this duty when she committed one or more of the following negligent acts and/or omissions:

      a.      Failed to keep a proper look out; and;

      b.      Failed to notice an open and obvious condition; and/or;

      c.      Fell on a surface that was dry and clean and/or free from defects; and;

      d.      Was otherwise careless or negligent at the time of the incident.

10. If Plaintiffs sustained any injury or incurred any loss or damages as alleged in the First Amended Complaint, the injury was caused in whole or in part by acts or omissions of another or others for whom Defendant is not responsible, and whose conduct Defendant had no duty or reason to anticipate or opportunity to control.

11. Plaintiffs failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

12. Plaintiffs' damages, if any, were caused by pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses.

13. In the event Plaintiffs recover a verdict or judgment against Defendant, then said verdict or judgment must be reduced by those amounts which have been or will, with reasonable certainty, reimburse or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation, or employee benefit programs.

14. Plaintiffs' claims are barred by virtue of intervening, superseding causes or circumstances.

15. While denying any liability, to the extent Plaintiffs' negligence, comparative fault, and/or assumption of the risk contributed to the alleged injuries, any damages awarded to Plaintiffs

should be apportioned between Plaintiffs and any defendant or non-party found negligent in amounts proportional to the determined percentage of fault for each party or non-party. *See* Indiana Code Section 34-51-2-5; 34-51-2-8. Plaintiffs are barred from recovery from Defendant for any losses caused by others.

16. Plaintiffs are barred from recovering any damages because Plaintiff Amanda Jones is more than 51% at fault for the alleged injuries. Indiana Code Section 34-51-2-6.

17. Defendant asserts that it intends to rely upon such other defenses as may become available or apparent during discovery proceedings in this case and hereby reserves its right to amend its Answer and Defenses to plead such defenses.

WHEREFORE, Defendant Mac's Convenience Stores, LLC prays the Court determine and adjudge:

1. That Plaintiffs' First Amended Complaint, and all claims alleged therein, be dismissed with prejudice;

2. That Defendant be awarded the costs, disbursements, and attorneys' fees incurred in this action; and

3. That Defendant be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Michelle L. Casper*
Michelle L. Casper, #26135-45
ULMER & BERNE LLP
65 East State Street, Suite 1100
Columbus, OH 43215-4213
Tel. 614-229-0036; Fax 614-229-0037
mcasper@ulmer.com

6

                                        Brett J. Geschke, #6337873
                                        ULMER & BERNE LLP
                                        500 W. Madison St., Suite 3600
                                        Chicago, Illinois  60661
                                        (312) 658-6558; (312) 658-6559 Fax
                                        bgeschke@ulmer.com

                                        *Counsel for Defendant, Mac's Convenience Stores, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 19, 2024, a copy of the foregoing *Defendant Mac's Convenience Stores, LLC's Amended Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System (CM/ECF). Parties may access this filing through the Court's system.

Ryan Johnson, #24252-49
KELLER & KELLER LLP
2850 N. Meridian Street
Indianapolis, Indiana 46208
317-926-1111 (telephone)
317-926-1411 (facsimile)
ryanj@2keller.com

*Attorney for the Plaintiffs*

*/s/ Michelle L. Casper*
Michelle L. Casper